[Civ. No. 7624. Third Dist. Apr. 28, 1949.]

BOOTE'S HATCHERIES AND PACKING COMPANY, INC. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF MERCED COUNTY, Respondent.

Adams, Griswold, Winton & Mayes for Petitioner.

L. A. MacNicol and Lester J. Penry for Respondent.

PEEK, J.—Boote's Hatcheries and Packing Company, Incorporated, a foreign corporation, petitioned this court for a writ of prohibition restraining the superior court in and for the county of Merced from proceeding in an action instituted by one Henry Giebeler. An alternative writ issued.

A summary of the pertinent allegations of the petition shows that the petitioner is a corporation duly organized under the laws of the State of Minnesota; that service of summons was first made personally upon petitioner's president in the State of Minnesota, which service was quashed by the respondent superior court on petitioner's motion; that thereafter service was made upon the Secretary of State of California pursuant to section 411, subdivision 2 of the Code of Civil Procedure as provided for by section 406(a) of the Civil Code, and that petitioner's motion to quash said service was denied by respondent court after hearing testimony in opposition to said motion. Petitioner further alleged that at said hearing no evidence was introduced to show whether it

owned any property in California or operated any office or performed any other activity in California except to negotiate for and purchase turkey eggs which were immediately shipped in interstate commerce, and in connection therewith advise growers how to produce the kind of eggs desired; that such acts are insufficient to constitute doing business in the State of California and that the petitioner is therefore not amenable to process in California.

The answer of Henry Giebeler, the interested party herein, denied generally the allegations of the petition. He further alleged that between December 24, 1945, and March 6, 1946, a total of 59,600 eggs were shipped to petitioner by him and his assignors at a total price of $17,714. The answer also referred to specific evidence introduced at the hearing in the superior court, which Giebeler alleges was amply sufficient to support the conclusion of said court that the petitioner was doing business in California and thus amenable to its process. We are in accord with such conclusion.

From the evidence so introduced it appears without contradiction that for some time petitioner had solicited the egg business of various turkey raisers in this state; that such solicitation was carried on through an agent who was a resident of this state; that the specific activities of said agent in the vicinity of Merced County included the entering into of written contracts for the purchase of turkey eggs on behalf of the petitioner with 15 to 20 turkey raisers; that said agent assisted in the examination, supervision and culling of the turkey flocks; that she gave instructions and information to the raisers as to the packaging and shipment of the eggs, and that she gave advice generally to the raisers, including information as to the proper medicines, if any, that were needed. Such activities of said agent were summed up by one witness who stated that the agent "was just looking out after everything." The present litigation arose out of these very activities and is predicated upon a contract so entered into in this state.

Inasmuch as there is no precise test for what amounts to "doing business" within the jurisdiction of this state, each case must be determined on its own facts. However, if it can be said, as it can in the present case, that the corporation is carrying on business in such a manner and to such an extent as to warrant the inference that it is here, it is within the jurisdiction of the courts of this state and hence amenable to process of said courts. (*West Publishing Co. v. Superior Court*, 20 Cal.2d 720, 727 [128 P.2d 777], and cases therein cited.)

Applying this standard to the facts herein it appears that the activities of petitioner were systematic and continuous in its solicitation of business from various turkey raisers in the vicinity of Merced county as well as other areas in the state. It participated in the overall activities of the growers including the giving of expert advice by petitioner's agent in all phases of the production, packaging and shipment of turkey eggs.

The substantial business which was so developed in this state gave rise to obligations and liabilities such as in the present case. Likewise it gave to petitioner the benefits of the laws of this state including the right to enforce such rights in the courts of this state. Paraphrasing the opinion of the court in *International Shoe Co.* v. *State of Washington,* 326 U.S. 310 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057] : It is quite evident that the enumerated activities of petitioner established sufficient contacts and ties in this state to make it reasonable and just according to our conception of fair play and substantial justice that the plaintiff Giebeler should be permitted to enforce the obligations which petitioner has incurred in this state, and which constitute the basis for his action.

The writ is discharged.

Adams, P. J., and Thompson, J., concurred.