[S. F. No. 20299. In Bank. Dec. 8, 1959.]

FISHER GOVERNOR COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; VALEEN O. PRESTWICH et al., Real Parties in Interest.

Pelton, Gunther, Durney & Gudmundson, George W. Granger and Thomas N. Kearney for Petitioner.

No appearance for Respondent.

Carroll, Davis, Burdick & McDonough and Francis Carroll for Real Parties in Interest.

TRAYNOR, J.—Petitioner Fisher Governor Company, an Iowa corporation, seeks a writ of mandate to compel the Superior Court of the City and County of San Francisco to enter its order quashing service of summons in three actions brought by plaintiffs, the real parties in interest in this proceeding. (See Code Civ. Proc., § 416.3.) The actions were brought to recover damages for the wrongful deaths of Lowell Prestwich and Donald B. Eatchel and for personal injuries suffered by Clifford Turner. The complaints allege that the injuries and deaths occurred in Kimberly, Idaho, when a gas meter and pressure reducing station exploded owing to defective equipment manufactured by Fisher. Plaintiffs joined various other corporations as defendants. Fisher was served by making personal service in California on George R. Friederich and Company, a manufacturers' agent who sells Fisher's products. (See Corp. Code, § 6500.) Fisher appeared spe-

cially in each action and moved to quash the service of summons on the ground that it was not doing business in this state. Its motions were denied.

 Code of Civil Procedure, section 411, subdivision 2, authorizes service of process on foreign corporations that are "doing business in this State." "That term is a descriptive one that the courts have equated with such minimum contacts with the state 'that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' (*International Shoe Co.* v. *Washington*, 326 U.S. 310, 316 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057].) Whatever limitation it imposes is equivalent to that of the due process clause ' "[D]oing business" within the meaning of section 411 of the Code of Civil Procedure is synonymous with the power of the state to subject foreign corporations to local process.' (*Eclipse Fuel etc. Co.* v. *Superior Court*, 148 Cal.App.2d 736, 738 [307 P.2d 739]. . . .)" (*Henry R. Jahn & Son* v. *Superior Court*, 49 Cal.2d 855, 858-859 [323 P.2d 437]; *Carl F. W. Borgward, G.M.B.H.* v. *Superior Court*, 51 Cal.2d 72, 75 [330 P.2d 789]; *Cosper* v. *Smith & Wesson Arms Co., ante,* p. 77, 82 [346 P.2d 409].)

Although Fisher's principal offices and manufacturing plants are in Iowa and it has no employees or property in California and has not appointed an agent to receive service of process here, plaintiffs contend that Fisher's sales activities in this state are sufficient to subject it to the jurisdiction of our courts even if the causes of action are not related to those activities. Fisher's products are sold in California through independent manufacturers' agents who also sell similar products of other manufacturers. These agents receive commissions on sales made of Fisher's products and provide Fisher's catalogues to interested persons on request. Fisher is listed in telephone books at the agents' addresses and numbers.

In *Cosper* v. *Smith & Wesson Arms Co., supra, ante,* p. 77, we held that essentially similar sales activities in this state were sufficient to sustain jurisdiction when the cause of action arose out of the sale in this state of a defective gun manufactured by Smith and Wesson that exploded injuring a California resident here. In the present case, the causes of action arose in Idaho, the defective equipment was not sold in this state, neither of the decedents was a California resident, and none of the plaintiffs are California residents. The causes of action are not related to any business done by Fisher here.

 Although a foreign corporation may have sufficient contacts with a state to justify an assumption of jurisdiction over it to enforce causes of action having no relation to its activities in that state (*Perkins* v. *Benguet Mining Co.*, 342 U.S. 437, 445-447 [72 S.Ct. 413, 96 L.Ed. 485] ; *International Shoe Co.* v. *Washington*, *supra*, 326 U.S. 310, 318; *Le Vecke* v. *Griesedieck Western Brewery Co.*, 233 F.2d 772, 777-778; *Koninklijke L. M.* v. *Superior Court*, 107 Cal.App.2d 495, 500-501 [237 P.2d 297]), more contacts are required for the assumption of such extensive jurisdiction than sales and sales promotion within the state by independent nonexclusive sales representatives. (*LeVecke* v. *Griesedieck Western Brewery Co.*, *supra*, 233 F.2d 772, 776-777; *W. H. Elliott & Sons Co.* v. *Nuodex Products Co.*, 243 F.2d 116, 122, concurring opinion; *L. D. Reeder Contractors of Arizona* v. *Higgins Industries*, 265 F.2d 768, 779; *Kenny* v. *Alaska Airlines*, 132 F.Supp. 838, 852-854; see *A. G. Bliss Co.* v. *United Carr Fastener Co. of Canada*, 116 F.Supp. 291, 294, aff'd., 213 F.2d 541.) To hold otherwise would subject any corporation that promotes the sales of its goods on a nationwide basis to suit anywhere in the United States without regard to other considerations bearing on ''the fair and orderly administration of the laws which it was the purpose of the due process clause to insure.'' (*International Shoe Co.* v. *Washington*, *supra*, 326 U.S. 310, 319; see also, *L. D. Reeder Contractors of Arizona* v. *Higgins Industries*, *supra*, 265 F.2d 768, 779.) Accordingly, we must look beyond defendant's sales activities in this state to determine whether jurisdiction may constitutionally be assumed.

 The interest of the state in providing a forum for its residents (*McGee* v. *International Life Ins. Co.*, 355 U.S. 220, 223 [78 S.Ct. 199, 2 L.Ed.2d 223]) or in regulating the business involved (*Travelers Health Assn.* v. *Virginia*, 339 U.S. 643, 647-648 [70 S.Ct. 927, 94 L.Ed. 1154]) ; the relative availability of evidence and the burden of defense and prosecution in one place rather than another (*McGee* v. *International Life Ins. Co.*, *supra*, 355 U.S. 220, 223-224; *Henry R. Jahn & Son* v. *Superior Court*, *supra*, 49 Cal.2d 855, 861-862; *Carl F. W. Borgward, G.M.B.H.* v. *Superior Court*, *supra*, 51 Cal.2d 72, 79; *Cosper* v. *Smith & Wesson Arms Co.*, *supra*, *ante*, pp. 77, 83); the ease of access to an alternative forum (*Travelers Health Assn.* v. *Virginia*, *supra*, 339 U.S. 643, 648-649) ; the avoidance of multiplicity of suits and conflicting adjudications (*Henry R. Jahn & Son* v. *Superior Court*, *supra*, 49 Cal.2d 855, 862; *Carl F. W. Borgward,*

*G.M.B.H.* v. *Superior Court, supra,* 51 Cal.2d 72, 79; *Gordon Armstrong Co.* v. *Superior Court,* 160 Cal.App.2d 211, 219 [325 P.2d 21]; see also, *Atkinson* v. *Superior Court,* 49 Cal. 2d 338, 347-348 [316 P.2d 960]); and the extent to which the cause of action arose out of defendant's local activities (*International Shoe Co.* v. *Washington, supra,* 326 U.S. 310, 319; *McGee* v. *International Life Ins. Co., supra,* 355 U.S. 220, 223; *Hanson* v. *Denckla,* 357 U.S. 235, 251-253 [78 S.Ct. 1228, 2 L.Ed.2d 1283]; *Henry R. Jahn & Son* v. *Superior Court, supra,* 49 Cal.2d 855, 860-861, and cases cited; *Carl F. W. Borgward, G.M.B.H.* v. *Superior Court, supra,* 51 Cal.2d 72, 79; *Cosper* v. *Smith & Wesson Arms Co., supra, ante,* pp. 77, 83; *Gordon Armstrong Co.* v. *Superior Court, supra,* 160 Cal.App.2d 211, 219-220; *Florence Nightingale School of Nursing* v. *Superior Court,* 168 Cal.App.2d 74, 81-83 [335 P.2d 240]; *Holtkamp* v. *States Marine Corp.,* 165 Cal.App.2d 131, 138-139 [331 P.2d 679]; see also *Owens* v. *Superior Court,* 52 Cal.2d 822, 830-831 [345 P.2d 921]) are all relevant to this inquiry. (See 108 U. of Pa. L. Rev. 131.)

None of these considerations supports an assumption of jurisdiction in plaintiffs' actions. The causes of action did not arise out of and are not related to Fisher's activities in this state, and none of the relevant events occurred here. (*Cf. Jeter* v. *Austin Trailer Equipment Co.,* 122 Cal.App.2d 376, 378 [265 P.2d 130].) Evidence can be produced as easily or more easily elsewhere, and even if plaintiffs cannot secure jurisdiction over Fisher in Idaho, they can prosecute their actions against Fisher as conveniently in Iowa as here. Moreover, although plaintiffs contend that jurisdiction over Fisher's codefendants can only be secured in California and that therefore jurisdiction over Fisher is justified to avoid a duplicity of litigation, there is no evidence in the record before us to support that contention. The relationship between Fisher and its codefendants and the basis of plaintiffs' actions against Fisher's codefendants do not appear, and there is no reason to assume that by supplying equipment for installation in Idaho, Fisher knowingly injected itself into a transaction or operation of its codefendants having substantial California contacts related to the causes of action. (See *Atkinson* v. *Superior Court, supra,* 49 Cal.2d 338; *cf. Hanson* v. *Denckla, supra,* 357 U.S. 235, 253-254.)

Let the peremptory writ of mandate issue as prayed.

Gibson, C. J., Schauer, J., Spence, J., McComb, J., Peters, J., and White J. concurred.