[Civ. No. 27385.   Second Dist., Div. Two.   April 20, 1964.]

MAYNARD D. BROWN et al., Plaintiffs and Appellants, v. BIRCHFIELD BOILER, INC., Defendant and Respondent.

Hagenbaugh, Murphy, Meifert & Medearis, Van A. Hagenbaugh and John G. Davies for Plaintiffs and Appellants.

Keith P. Brown for Defendant and Respondent.

KINCAID, J. pro tem.*—Plaintiffs herein brought this action for personal injuries allegedly sustained in this state as a result of a boiler explosion that occurred on or about September 24, 1961. The complaint alleges that the boiler in question was manufactured by Birchfield Boiler, Inc., a Washington corporation, and sold and installed by A. J. Setting doing business as A. J. Setting Company. Summons and complaint were personally served on A. J. Setting, a resident of Los Angeles County, as the alleged agent, general manager and manufacturer's representative for Birchfield.

Birchfield thereafter moved to quash service of the summons and complaint. This motion was based upon the affidavit of A. T. Davies as president of Birchfield in which he denies that Setting is the defendant Birchfield's agent, or was authorized to accept service of summons and complaint, or that the corporation ever has engaged in business in California. The motion to quash service of summons was granted and it is from this order that appeal is taken by plaintiffs.

Plaintiffs contend that the admitted activities of Birchfield in this state establish that it was "doing business" here so as to be amenable to the service of process and that proper service was effected upon it by serving Setting. The record before us is limited to the complaint, the special appearance and notice to quash, the single affidavit by Davies, plaintiffs' interrogatories and the answers thereto of defendant.

The burden of proof is on the plaintiffs to establish that defendant was doing business in this state in the sense required to make it amenable to process here. (*Holtkamp* v. *States Marine Corp.*, 165 Cal.App.2d 131, 137 [331 P.2d 679].)

The record discloses that Birchfield was at the time of filing the action herein and still is represented in the southern California area by the A. J. Setting Company as its

---

*Retired judge of the superior court sitting pro tempore under assignment by Chairman of the Judicial Council.

exclusive territorial representative for the sale of its products. A. J. Setting Company is not a corporation but is an individual doing business under this name. In August of 1959 the business relationship was established as between them, and Birchfield sent out an announcement naming Setting as its exclusive dealer-representative for the sale of high and low pressure boilers, heater exchanges, submerged heaters, tanks and tank heaters.

The Los Angeles telephone directories, both Central and Classified, carry a listing for Birchfield Boilers. The telephone number as listed for Birchfield is the same number as that listed for the A. J. Setting Company. The listed addresses of both Birchfield and Setting are the same. Also Birchfield, in the Classified directory, advertises its products and lists A. J. Setting Company as the local agent. The listings in both directories are jointly paid for by Setting and Birchfield, each paying one-half of the costs. These listings have been published in said directories continuously since September of 1959.

Mr. Davies has made frequent visits to California since 1959 and has contacted sales representatives here relative to selling the company products. He lives part of the time in California and conducts another business located in this state. Mr. Kendall, who is general manager, and Mr. Hanson, who is sales manager of Birchfield, have each recently visited California for the purpose of contacting company customers. During these periods Birchfield has paid the expenses of its officers and their salaries.

The defendant corporation has distributed its literature in this state for the apparent purpose of soliciting sales and containing the name of A. J. Setting Company as being the location of its address and telephone number. During the years 1961 and 1962 defendant paid a portion of the cost of season tickets to baseball games of the Los Angeles Dodgers purchased in the name of Setting and for the purpose of favorable affecting the sales of defendant's merchandise in this state. Birchfield has sold about $260,000 worth of its merchandise in California since January 1, 1959, for which it has billed the purchasers.

The basic questions for our determination are whether, in the light of the foregoing evidence, defendant Birchfield was doing business in this state within the sense of section 411 of the Code of Civil Procedure and, if so, whether service of the summons and complaint upon Setting was an effectual service

thereof upon Birchfield. ■ *Fisher Governor Co.* v. *Superior Court*, 53 Cal.2d 222, 224 [1 Cal.Rptr.1, 347 P.2d 1], sets forth the principles to be followed in ascertaining whether a foreign corporation is doing business here as follows: "Code of Civil Procedure, section 411, subdivision 2, authorizes service of process on foreign corporations that are 'doing business in this State.' 'That term is a descriptive one that the courts have equated with such minimum contacts with the state "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " ' (*International Shoe Co.* v. *State of Washington*, 326 U.S.310, 316 [66 S.Ct. 154, 90 L.Ed. 95, 102, 161 A.L.R. 1057, 1061].) Whatever limitation it imposes is equivalent to that of the due process clause ■ ' "[D]oing business" within the meaning of section 411 of the Code of Civil Procedure is synonymous with the power of the state to subject foreign corporations to local process. [Citations.]' "

In the somewhat analogous case of *Cosper* v. *Smith & Wesson Arms Co.*, 53 Cal.2d 77 [346 P.2d 409], the defendant successfully obtained an order quashing service of summons and complaint upon it which order was reversed on appeal. There service was made upon defendant by handing the summons and complaint to one Lookabaugh as the alleged agent, sales manager and manufacturer's representative for defendant. Although defendant, a Massachusetts corporation, denied doing business within this state, the facts were that it distributed its products from its home address through regular wholesale and dealer channels against a straight commission; that Lookabaugh Co. of California is a manufacturer's representative and promoted defendant's business in California though not on an exclusive basis and distributed general advertising matter furnished by defendant; that Lookabaugh serviced dealer accounts, investigated and recommended prospective dealers for defendant, arranged publicity, distributed advertising and handled complaints as to defendant's products. The court said: (pp. 82, 83) "These services may reasonably be said to have given Smith and Wesson 'in a practical sense, and to a substantial degree, the benefits and advantages it would have enjoyed by operating through its own office or paid sales force.' (*Sales Affiliates, Inc.* v. *Superior Court*, 96 Cal.App.2d 134, 136 [214 P.2d 541].) Certainly, the admitted activities of Smith and Wesson in this state are more significant than the minimal contacts deemed sufficient in *McGee* v. *International Life Ins. Co.*, 355 U.S. 220 [78 S.Ct. 199, 2 L.Ed.2d 223], where the foreign

corporation elected to deal with its insured, a California resident, only by mail.

"It further appears that the gun which exploded was sold in this state, the accident occurred in this state, the plaintiff is a resident of this state, and many of the witnesses who will probably be called at the trial are present in this state. Therefore, in view of all of the facts, we deem it not inconsistent with 'traditional notions of fair play and substantial justice' to subject the defendant Smith and Wesson to the jurisdiction of the courts of this state in this action."

Another similar case is *Waco-Porter Corp.* v. *Superior Court*, 211 Cal.App.2d 559 [27 Cal.Rptr. 371]. Waco-Porter Corporation moved to quash alleged service of process upon it on the ground that it was an Illinois corporation not doing business in California. Waco-Porter manufactered certain gymnasium equipment which was sold to a school in the state. Plaintiff claimed injury from using it in a defective condition. Plaintiff joined Opco Industries, Inc. which is alleged to be the exclusive distributor and sales representative for school equipment manufactured by Waco-Porter. By affidavit the latter denied it had any contact in this state and alleged an outright sale consummated in Illinois between it and Opco as purchaser; that the equipment was shipped from Illinois to Opco. The Opco president by affidavit stated that his company was the exclusive distributor and sales representative for northern California of school equipment manufactured by Waco-Porter; that Opco purchased such equipment from Waco-Porter and then sold it in the regular course of trade; that the equipment upon which plaintiff was injured was so bought from the manufacturer and sold by Opco to the school; that after the accident a representative of Waco-Porter came to California, investigated the accident and conferred with Opco about it. The court held that these facts disclose a "minimum contact" between the manufacturer defendant and its distributor in California that would bring the case within the rationale of *International Shoe Co.* v. *State of Washington, supra,* and *Cosper* v. *Smith & Wesson Arms Co., supra.* Other cases to the same effect are: *West Publishing Co.* v. *Superior Court*, 20 Cal.2d 720 [128 P.2d 777]; *Boote's Hatcheries etc. Co.* v. *Superior Court*, 91 Cal.App.2d 526 [205 P.2d 31]; *Fielding* v. *Superior Court*, 111 Cal.App.2d 490 [244 P.2d 968]; *Duraladd Products Corp.* v. *Superior Court*, 134 Cal.App.2d 226 [285 P.2d 699].

██ We conclude therefore from the evidence that Birchfield was doing business in this state within the sense of section 411 of the Code of Civil Procedure so as to enable the plaintiff herein to serve process upon it. It is not unreasonable under the circumstances here shown to require Birchfield to defend an action of this nature at the place where the boiler was installed and used, the explosion occurred and the damage was caused.

██ The remaining question for our consideration is whether service of process upon Birchfield is validly made by personally handing a copy of the summons and complaint to A. J. Setting as "the general Manager in this state" for such defendant corporation. This question must be answered in the affirmative in light of the holding in the essentially similar case of *Cosper* v. *Smith & Wesson Arms Co., supra*, wherein the Supreme Court said at pages 83, 84: "In this regard, it has been said that 'every object of the service is obtained when the agent served is of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made,' and by·service on such an agent 'the requirement of the statute is answered.' (*Eclipse Fuel Eng. Co.* v. *Superior Court, supra*, 148 Cal.App.2d 736, 746 [307 P.2d 739].) . . . Here, it reasonably appears that Lookabaugh as a manufacturer's representative actively engaged in promoting the sales of Smith and Wesson and earning commissions through such sales, would have ample regular contact with Smith and Wesson and would be of 'sufficient character and rank to make it reasonably certain' that Smith and Wesson would be apprised of the service of process. Neither the fact that Lookabaugh's organization was designated as 'manufacturer's representatives' nor the fact that that such representatives promoted sales 'on their own time and expense' is determinative here. Whether Smith and Wesson was operating 'through an independent contract, agent, employee or in any other manner' [citations], the essential factor is that Lookabaugh in his selling and advertising activities was performing services for Smith and Wesson and providing it with the opportunity for 'regular contact with its customers and a channel for a continuous flow of business into the state.' [Citation.] In short, the arrangement of Smith and Wesson with Lookabaugh appears, in the light of the president's affidavit, to have given Smith and Wesson substantially the business advantages that it would have enjoyed 'if it conducted its business through its own offices or paid agents in the state' [citation]; and such

arrangement was sufficient to constitute Lookabaugh 'the general manager in this State' for purposes of service of process on Smith and Wesson. (Corp. Code, § 6500.). . .

"A manufacturer of arms whose products are sold on a wide scale throughout the state through the extensive, regular and continuous services of a 'manufacturer's representative' should not be perpetually immune from the service of process in actions brought by residents of this state because of injury sustained from alleged defects in the manufacturer's products. In the present case, there are additional competent and uncontradicted factual averments showing that under the 'minimum contacts' doctrine Smith and Wesson is 'doing business' within this state, and that its representative Lookabaugh comes within the statutory concept of its 'general manager in this State' for the purposes of service of process. (Corp. Code, § 6500.) In such circumstances, 'the fair and orderly administration of the laws' (*International Shoe Co.* v. *State of Washington,* 326 U.S. 310, 319 [66 S.Ct. 154, 90 L.Ed. 95, 104, 161 A.L.R. 1057, 1063]) fully justifies subjecting Smith and Wesson to the jurisdiction of our courts."

The order granting the motion to quash service of summons and complaint on defendant Birchfield Boiler, Inc., a corporation, is reversed.

Herndon, Acting P. J., and Roth, J., concurred.