[Civ. No. 22104. First Dist., Div. Three. Oct. 20, 1964.]

TWINCO SALES, INC., Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; BROADWAY-HALES STORES, INC., Real Party in Interest.

Pelton, Gunther & Gudmundson and Richard H. McConnell for Petitioner.

No appearance for Respondent.

Low, Ball & Norton and Antone G. Cincotta, Jr., for Real Party in Interest.

DRAPER, P. J.—Petitioner (Twinco) seeks writ of mandate to compel respondent court to quash service of summons (Code Civ. Proc., § 416.3).

Twinco is a Minnesota corporation, with its principal office in St. Paul. It manufactured exercising devices, some of which it sold to S. S. Hollender, Inc., of Chicago, Illinois. Hollender sold 150 of these articles to real party in interest, Broadway-Hales Stores, Inc., a Delaware corporation which operates retail stores in California. At Hollender's direction, Twinco shipped them to California. Colleen Kinsler bought one from Broadway-Hales and sued that retailer in respondent court, alleging that she had been injured by reason of the negligent manufacture of the device and its unfitness for the purpose for which intended. Broadway-Hales cross-complained, seeking indemnity from Twinco, and obtained an order for substituted service. Summons and cross-complaint were then served on the Secretary of State, who in turn mailed copy to Twinco in St. Paul (Code Civ. Proc., § 411, subd. 2; Corp. Code, §§ 6501-6502). Twinco's motion to quash was denied by the trial court.

Although the statute (Code Civ. Proc., § 411, subd. 2) permits substituted service upon a corporation only if it is "doing business in this State," that term does not require repeated and successive transactions in California. Rather, it is a descriptive term, now "equated with such minimum contacts with the state 'that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' " (*International Shoe Co.* v. *Washington*, 326 U.S. 310, 316 [66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057].)

Whatever limitation it imposes is equivalent to that of the due process clause.'' (*Henry R. Jahn & Son* v. *Superior Court*, 49 Cal.2d 855, 858 [323 P.2d 437]; *Fisher Governor Co.* v. *Superior Court*, 53 Cal.2d 222, 224 [1 Cal.Rptr. 1, 347 P. 2d 1].)

But there must be some contact with the state to give it jurisdiction of the person. The delivery of a certificate of insurance and the collection of premiums thereon, all by interstate mail, is sufficient to confer power to entertain an action on the policy (*McGee* v. *International Life Ins. Co.*, 355 U.S. 220 [78 S.Ct. 199, 2 L.Ed.2d 223]).

Here, however, there is not even a single California contact by Twinco. It has had no office, agent, or employee in California. No California jobber, distributor or manufacturer's agent represents it. It has made neither sales nor purchases in California. It solicits no business in California, either directly or through others, and there is no showing that it advertises here. It merely sold goods to Hollender of Illinois and shipped them to California on Hollender's order, without reservation of title. At oral argument, it was conceded that Hollender billed and collected from the California retailer. There is no showing of any common ownership or control of Hollender and Twinco. We are unimpressed with the argument that Twinco, even though it did not own the goods shipped, enjoyed the protection of California law through some right which it had as consignor. We note, too, that the record affords no factual basis for that argument. Whether California could exercise jurisdiction over Hollender is not before us.

We readily accept the doctrine of the decisions relied upon by Broadway-Hales (*Brown* v. *Birchfield Boiler, Inc.*, 226 Cal.App.2d 487 [38 Cal.Rptr. 92]; *Overland Machine Products, Inc.* v. *Swingline, Inc.*, 224 Cal.App.2d 46 [36 Cal.Rptr. 330]; *James R. Twiss, Ltd.* v. *Superior Court*, 215 Cal.App. 2d 247 [30 Cal.Rptr. 98]; *Waco-Porter Corp.* v. *Superior Court*, 211 Cal.App.2d 559 [27 Cal.Rptr. 371]; *Sims* v. *National Engineering Co.*, 221 Cal.App.2d 511 [34 Cal.Rptr. 537]). But in each of those cases there was some California contact, however minimal. Here there is none. Thus service of summons must be quashed (*Fisher Governor Co.* v. *Superior Court, supra*, 53 Cal.2d 222; *Yeck Mfg. Corp.* v. *Superior Court*, 202 Cal.App.2d 645 [21 Cal.Rptr. 51]). While we may look to relative convenience and hardship (*James R. Twiss, Ltd.* v. *Superior Court, supra*) we do not interpret

that rule to warrant the provincial approach of looking wholly and solely to the interest of a California retailer who seeks indemnification.

Let peremptory writ issue as prayed.

Salsman, J., and Devine, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied December 17, 1964.