JOSEPH G. MORETTI, INC., Plaintiff,

v.

CATERPILLAR TRACTOR CO., Caterpillar Americas Co., and Cardoze & Lindo S.A., Defendants.

Civ. No. 5827.

United States District Court
D. Canal Zone,
Balboa Division.

Feb. 1, 1965.

Roy Phillipps, Henry L. Newell, Balboa, Canal Zone, for plaintiff.

Guillermo Jurado, Carlos Icaza A., Panama City, R. of P., for defendants Caterpillar Tractor Co., Caterpillar Americas Co. (Special Appearance).

De Castro & Robles, Balboa, Canal Zone, for Cardoze and Lindo S. A.

CROWE, District Judge.

On or about December 1, 1962, a meeting was held in the offices of Joseph G. Moretti, Inc. at 2401 N. W. 7th Street, Miami, Florida, with a representative of the plaintiff and representatives of the three defendants present. The meeting was held subsequent to certain negotiations that had taken place relative to the use of machinery and equipment and a lease was thereafter entered into between the parties and dated December 21, 1962. The lease provided that certain machinery and equipment would be furnished by the defendants for use in the performance of Panama Canal Company Contract Number PC–2–862, and was to continue for a period of thirteen months on an agreed rental basis. The equipment was used for earth moving in the Canal Zone during the period of construction and plaintiff alleges that due to frequent breakdowns and repeated failures on parts of the equipment, the completion of the aforesaid contract was delayed, much to plaintiff's damage, all of which is set out in detail in the complaint filed herein on September 18, 1964.

The defendant, Cardoze & Lindo S. A. is a corporation which has duly qualified in the Canal Zone by conforming with the provision of Title 2, Canal Zone Code, 872, naming the executive secretary of the Panama Canal Company as its agent for service of process, but neither the Caterpillar Tractor Company nor Caterpillar Americas Company have so qualified although it is alleged in the petition, which is further substantiated by the affidavit of William H. Bourne, Vice President of the plaintiff corporation, that both the Caterpillar Tractor Company and the Caterpillar Americas Company were doing business in the Canal

Zone during the performance of the contract.

The affidavit of Mr. Bourne sets out in considerable detail the fact that representatives of the two non-qualifying defendants came into the Canal Zone during the time of the actual work on the contract and made suggestions as to the use and operation of the equipment and performed work upon it. It states further that they inspected, supervised, and performed welding repairs upon the equipment and tried to remedy the "failure of the equipment" to perform the work that it had been furnished to do under the contract.

After filing the complaint, the attorneys for the plaintiff found that Caterpillar Tractor Company and Caterpillar Americas Company are foreign corporations having neither offices nor agents for service of process within the Canal Zone and they moved for service of process upon the executive secretary of the Canal Zone Government in accordance with the provision of Title 2, Canal Zone Code, 872. The marshal made the service upon Mr. Robert S. Jeffery, Deputy Executive Secretary, Canal Zone Government, and both Caterpillar Tractor Company and Caterpillar Americas Company have appeared specially and made motions to vacate the order of the Court of October 7, 1964 directing the service of the summons and to quash and make void the service of the summons made in pursuance of the order on the 14th day of October, 1964.

The motions to quash state that the service of process can be made on the executive secretary or his successor "only when a foreign corporation is licensed to do business in the Canal Zone and has designated a person residing within the Canal Zone and the place of business of such person upon whom process may be served, or in the event that such person cannot be found in the Canal Zone, or in the event that no such person is designated by the corporation." The motions further state that the defendants are foreign corporations not licensed to do business in the Canal Zone and that they neither do business in the Canal Zone nor maintained offices or any other facilities therein, or procured licenses to do business therein, and that they have not applied for such licenses, nor have such licenses ever been revoked or surrendered, nor have they ever employed any person upon whom service of summons could be made.

For the purpose of testing the validity of the service, it will be assumed that the allegations in the complaint and affidavit that the defendants in question were doing business in the Canal Zone are true. Therefore it becomes a matter of law as to whether service on the executive secretary of the Canal Zone Government is good when a corporation has failed to qualify under the statutes to do business but then actually does business in the Canal Zone.

Plaintiff has announced its reliance upon paragraph (b) of Title 2, Section 872 of the Canal Zone Code, which reads as follows:

"Process served on the person designated by the corporation or, if he can not be found at the place designated, or if a person is not designated, on the executive secretary of the Canal Zone Government, is a valid service on the corporation. When the executive secretary is served with process he shall without delay communicate the same to the corporation concerned at its last known address. A default judgment may not be entered against the corporation in an action in which process is served on the executive secretary until at least 60 days after the date of the service."

It is recognized by the parties that there is no specific statute in the Canal Zone providing that service may be perfected upon a corporation "doing business" in the Canal Zone by serving process upon the executive secretary of the Canal Zone Government or any other officer, when that corporation has not qualified to do business in the Canal Zone. However plaintiff asserts that the language in the first sentence of the para-

graph of the statute quoted, which is "or if a person is not designated, on the executive secretary of the Canal Zone Government", is sufficient. His attorneys argue that in the absence of the specific statute the court in the interest of justice should "read into" the above paragraph the intent of Congress to make such service good.

Service of process in the Canal Zone generally is governed by Rule 4 of the Federal Rules of Civil Procedure, Title 28 U.S.Code and in the absence of a specific statute contrary to its provisions, we must abide by it. The paragraphs of that rule governing service on parties out of the "state" are as follows:

"(d) Summons: Personal Service. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows: * * *

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. * * *

"(e) Same: Service Upon Party Not Inhabitant of or Found Within State. Whenever a statute of the United States or an order of court thereunder provides for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state in which the district court is held, service may be made under the circumstances and in the manner prescribed by the statute or order, or, if there is no provision therein prescribing the manner of service, in a manner stated in this rule. Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons, or of a notice, or of an order in lieu of summons upon a party not an inhabitant of or found within the state, or (2) for service upon or notice to him to appear and respond or defend in an action by reason of the attachment or garnishment or similar seizure of his property located within the state, service may in either case be made under the circumstances and in the manner prescribed in the statute or rule. As amended Jan. 21, 1963, eff. July 1, 1963."

"(f) Territorial Limits of Effective Service. All process other than a subpoena may be served anywhere within the territorial limits of the state in which the district court is held, and, when authorized by a statute of the United States or by these rules, beyond the territorial limits of that state. In addition, persons who are brought in as parties pursuant to Rule 13(h) or Rule 14, or as additional parties to a pending action pursuant to Rule 19, may be served in the manner stated in paragraphs (1)–(6) of subdivision (d) of this rule at all places outside the state but within the United States that are not more than 100 miles from the place in which the action is commenced, or to, which it is assigned or transferred for trial; and persons required to respond to an order of commitment for civil contempt may be served at the same places. A subpoena may be served within the territorial limits provided in Rule 45. As amended Jan. 21, 1963, eff. July 1, 1963."

None of these paragraphs provides for the service on a corporation solely on the basis of "doing business" by service of the summons on the executive secretary of the Canal Zone Government but require that such a service be made upon "an officer, a managing or general

agent, or to any other agent authorized by appointment or by law to receive service of process" or in accordance with "a statute of the United States or an order of court thereunder" or under a "statute or rule of court of the state in which the district court is held."

In the absence of such statutes or rules of court a service on the non-resident corporation by serving the process on the executive secretary of the Canal Zone Government is invalid.

In California, the state upon which we look a great deal for guidance because many of our laws in the Canal Zone are patterned after hers, in addition to having the general statutes for service of process against a corporation that has qualified to do business under the laws of California by serving the Secretary of State when no process agent has been designated or found, Corporations Code Annotated of State of California, Sec. 6501, she has adopted a specific statute conferring jurisdiction on state courts when a corporation transacts intrastate business in California and setting up the Commissioner of Corporations as service agent in Corporations Code Annotated, Sec. 6408 as follows:

"§ 6408. Transaction of intrastate business without certificate: Penalty: Jurisdiction conferred on State courts: Commissioner of Corporations designated as service agent: Fee for service.

"Any foreign corporation which transacts intrastate business in this State and which does not hold a valid certificate from the Secretary of State and is not exempt from the requirement of holding such a certificate by the provisions of Section 6403.2 of this code may be subject to a penalty of twenty dollars ($20) for each day that such unauthorized intrastate business is transacted; and such foreign corporation, by transacting unauthorized business in this State, shall be deemed to consent to the jurisdiction of the courts of California in any civil action arising in this State wherein such corporation is named a party defendant and shall be deemed to have designated the Commissioner of Corporations as the agent upon whom process directed to the corporation may be served within this State.

"Upon receipt of any such process, the Commissioner of Corporations shall make diligent inquiry to ascertain the address of the corporation and, if located, shall mail the process to that address. A fee equal to the amount expended by the commissioner in making the inquiry and mailing the process shall be a recoverable cost in the action and payable to the commissioner.

"The penalty established by this section shall be assessed according to the number of days it is found that the corporation has been willfully doing unauthorized business in this State and made payable to the Commissioner of Corporations. [Added by Stats.1963, ch. 1967, § 1.]"

There are actually two points involved in the problem before the courts in most cases of this kind (1) whether or not the defendant was doing business within the State (or Canal Zone) and (2) what is the valid manner of service under existing laws or rules of court.

The first point, although not now up for decision may arise if proper service is made, has been decided in a clear opinion which has been regarded as the case establishing the standard, International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. The court said that, " * * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit *does not offend 'traditional notions of fair play and substantial justice.'*" (Italics supplied.) The court said further: " 'Presence' in the state in this sense has never been doubted when the activities of the corporation there have not only been con-

tinuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given. \* \* \* Conversely it has been generally recognized that the casual presence of the corporate agent or even his conduct of single or isolated items of activities in a state in the corporation's behalf are not enough to subject it to suit on causes of action unconnected with the activities there. \* \* \* To require the corporation in such circumstances to defend the suit away from its home or other jurisdiction where it carries on more substantial activities has been thought to lay too great and unreasonable a burden on the corporation to comport with due process."

That a suit shall be maintained only when it does not offend notions of fair play and substantial justice means that full notice shall be given of the action as well as that the corporation must have been "doing business". When neither statute nor rule prescribes for constructive service on the executive secretary of the Canal Zone Government nor any other officer, to construe the statute permitting such service in the case of qualified corporations to obtain in the case of non-qualifying corporations would be manifestly unfair. No warning would be in the law to the non-qualifying corporations that such service might be made and to permit such a constructive service would pave the way for the obtention of judgments without the knowledge of the party being sued as the only obligation imposed on the executive secretary of the Canal Zone Government by Title 2, Canal Zone Code, Section 872 after being served with the process is to communicate the same to the corporation concerned at "its last known address." This would result in no communication at all as in the case of a non-qualifying corporation there would be no "known address" either "last" or otherwise.

North Carolina which has a specific statute naming the Secretary of State as process agent for a foreign corporation transacting business without first procuring a certificate of authority, follows the rule in the International Shoe Company case. See Sec. 55–144 of the General Statutes of North Carolina; Farmer v. Ferris, 260 N.C. 619, 133 S.E.2d 492 (1963); United States v. Atlantic Contractors, Inc., D.C., 231 F.Supp. 356 (1964).

In Kesler v. Schetky Equipment Corp., D.C., 200 F.Supp. 678 (1961) the federal District Court said, "Preliminarily it should be noted that if a foreign corporation is doing business in California, it is amenable to service in California, even if it has not registered to do intrastate business pursuant to California law." It said further, " 'Doing business' within the meaning of California law is synonymous with the power of the state to subject foreign corporations to local process."

The second point concerning the valid manner of service, has been disposed of but the following cases should be noted: Winchester Electronics Corp. v. General Products Corp., a Connecticut case, 198 F.Supp. 355 (D.C., 1961); Kelly v. U. S. Steel, a Pennsylvania case, 198 F.Supp. 640 (D.C., 1960); Thiel v. Electric Sales & Supply Co., a South Carolina case, 187 F.Supp. 640 (D.C., 1960).

There have been many decisions in the state courts of California on the question of what constitutes doing business and some of them are as follows: Detsch & Co. v. Calbar Inc., Cal.App., 39 Cal.Rptr. 626 (1964); Yeck Mfg. Corp. v. Superior Court etc., 202 Cal.App.2d 645, 21 Cal. Rptr. 51 (1962); Waco-Porter Co. v. Superior Court, 211 Cal.App.2d 559, 27 Cal.Rptr. 371 (1963); Confidential Inc. v. Superior Court, etc. & Liberace, 320 P 2d 546 (1958); Eclipse Fuel Engineering Co. v. Superior Court etc., 148 Cal. App.2d 736, 307 P.2d 739.

For the reason above state that no rule or statute exists in the Canal Zone providing for effectuating service upon a foreign corporation which is not qualified to do business in the Canal Zone by serv-

ing process on the executive secretary of the Canal Zone Government, the motions to vacate the order of the court directing the service of summons and to make void the service of the summons are sustained.