**UNITED STATES v. BRANSEN et al.**

No. 10528.

Circuit Court of Appeals, Ninth Circuit.

April 6, 1944.

Norman M. Littell, Asst. Atty. Gen., Frank P. Keenan, Sp. Asst. to Atty Gen., Vernon L. Wilkinson and S. Billingsley Hill, Attys., Dept. of Justice, both of Washington, D. C., for appellant.

No appearances were entered for appellees.

Before WILBUR and GARRECHT, Circuit Judges, and McCORMICK, District Judge.

## GARRECHT, Circuit Judge.

This is an action in condemnation. In the final judgment the trial court fixed the value of a certain described parcel of the land included in the condemnation proceedings at $151 and apportioned this sum to the appellees according to their interest as determined by the court. Appellant contends that King County alone was entitled to $1 for its interest which was a never used easement for a street over the described premises, and that the other appellees should have received nothing for their interest in the reversion. This contention is waged in this Court with earnestness and ability and with a zeal which, if exercised with due timeliness in the trial court, might possibly have saved the expense of time and costs of presenting this appeal, which probably far exceeds the value of the amount involved.

None of the appellees have appeared. The expense would have been greater than the award.

The following are the facts as disclosed by the record:

On May 11, 1942, the Government instituted this proceeding to acquire 15.87 acres of land in King County, Washington, in order to provide housing for persons engaged in national defense activities. A declaration of taking was filed and estimated compensation in the sum of $6,201 was deposited with the District Court.

In the declaration of taking the land was divided, according to ownership, into ten parcels, and a map showing these ten parcels was incorporated in the declaration as Schedule "B." Parcel 10, containing 0.56 acre, comprised "all of N.E. 75th Street lying between the east line of 110th Avenue N. E. and the west line of 112th Avenue. N.E." King County, a municipal corporation, held an easement over parcel 10 for street purposes but no street or road had been constructed up to the time of the taking herein. Parcel 10 was abutted on the north by parcels 1 and 4 and on the south by parcel 2. The owners of parcels 1, 2 and 4 had, by virtue of their ownership of their respective parcels, reversionary interests in parcel 10 in the proportion which their respective parcels abutted on that 0.56 acre.

In Schedule "A", attached to the declaration of taking, the Government estimated the following sums, respectively, as just compensation for parcels 1, 2 and 4: $900, $2100, and $400.

On November 18, 1942, a hearing was had upon the taking of parcel 4, and after the proof had been submitted the court found that $400 was just compensation for taking said parcel 4 which was particularly described by metes and bounds which did not include any part of parcel 10.

Again, on November 23, 1942, a hearing was had upon the taking of parcel 2 and after proof had been submitted the court found that $2,100 was just compensation for taking said parcel 2, which was particularly described by metes and bounds which did not include any part of parcel 10.

Likewise, on February 1, 1943, a hearing was had as to parcel 1, the value of which had been estimated in Schedule "A" at $900, which sum had been paid into the registry of the court at the time the order of taking was entered. At the hearing the court was advised that as to this parcel the owners had entered into an agreement, which had been accepted by the Federal Public Housing Authority, whereby the Government agreed to pay $1,200 for said parcel 1. The court considered evidence and awarded compensation for the taking of parcel 1 in the sum of $1,200. This parcel was also specifically described by metes and bounds which did not include any part of parcel 10.

On January 20, 1943, further proceedings took place upon the question of just compensation for the taking of parcels 1, 2, 4, and 10. None of the respondents were present and the petitioner moved for a default. Whereupon the court considered the pleadings, the declaration of taking on file, the statement of counsel for petitioner, and the testimony of petitioner's witness, an appraiser by profession, who testified

that the easement rights of King County in parcel 10 were worth only a nominal sum of $1 but that the fair cash market value of the fee simple title of the land in parcel 10 would be worth the sum of $150.

Thereafter, on April 5, 1943, pursuant to special notice issued to the owners of abutting parcels 1, 2 and 4, a further hearing was had and further evidence introduced. Isabella Jones Coleman, one of the respondents, testified the fair cash market value of the land in parcel 10 was $200 and that this sum should be divided into three parts and distributed to the adjoining property owners. No further evidence was introduced.

On April 12, 1943, the court made the following findings:

"That the added valuation of Parcel 2, by reason of the reversionary right of the owners of Parcel 2 in Parcel 10, as of May 11, 1942, the date of the filing of the declaration of taking herein, is the sum of Seventy-five Dollars ($75.00), and that the full fair and just compensation to be paid for Parcel 2 is Two Thousand One Hundred Seventy-five Dollars ($2175.00) instead of the sum of $2100.00 previously adjudged and ordered paid herein; that the added valuation of Parcel 1, by reason of the reversionary right of the owners of Parcel 1 in Parcel 10 as of May 11, 1942, the date of the filing of the declaration of taking herein, is the sum of Thirty-seven and 50/100 Dollars ($37.50), and that the full, fair and just compensation to be paid for Parcel 1 is the sum of One Thousand Two Hundred Thirty-seven and 50/100 Dollars ($1237.50) instead of the sum of $1200.00 heretofore adjudged and ordered paid herein; that the added valuation of Parcel 4, by reason of the reversionary right of the owners of Parcel 4 in Parcel 10 as of May 11, 1942, the date of the filing of the declaration of taking herein, is the sum of Thirty-seven and 50/100 Dollars ($37.50), and that the full, fair and just compensation to be paid for Parcel 4 is the sum of Four Hundred Thirty-seven and 50/100 Dollars ($437.50) instead of $400.00 heretofore adjudged and ordered paid herein.

"That upon the filing of the declaration of taking herein the full, fair and just compensation for Parcel 10 was the sum of One Hundred Fifty-one Dollars ($151.00); that the full, fair and just compensation for the easement rights of King County to build a road over said Parcel is the sum of One Dollar ($1.00) which is included in said sum of $151.00 of which $150.00 should be paid to the above named abutting property owners respectively in the respective amounts stated."

Judgment was entered in accordance with said findings.

On April 19, 1943, the appellant filed a motion for a new trial, principally on the ground of newly discovered evidence. The other grounds are without support in the record. As to the disposition of the motion the statement of facts recites: "The petitioner filed its motion for a new trial and the same came duly on for hearing before and was submitted to the Court on May 4, 1943, and the same was denied by the Court because the Court was of the opinion that petitioner should have, if it desired, offered the option agreements (the absence of which from the evidence was the principal basis for the motion for new trial) in evidence before the trial, continued from time to time, was finally completed and that petitioner's discovery and bringing to the attention of the Court of said option agreements was not timely, to which ruling the petitioner excepted and its exception was allowed."

The attorney for appellant, in the affidavit in support of his motion for a new trial, alleges that this newly discovered evidence consisted of certain offers of sale, copies of which are attached to the affidavit, wherein the owners of parcels 1, 2 and 4 offered to sell their land for an amount stated. These are dated in March, April and May of 1942 and presumably were in the possession of appellant ever since. Affiant alleges that he had no knowledge of these offers and makes a number of excuses for not discovering them prior to trial, which are not convincing.

To correctly dispose of this appeal it is necessary to keep in mind that this was a proceeding in condemnation and not an action to enforce any agreement of sale.

It is not without significance that during the several hearings relating to these various tracts condemned by the Government these offers of sale were never introduced in evidence. Moreover, the proceedings at the different hearings indicate that the court was making the award upon its own judgment on the independent evidence submitted, most of which was furnished by appellant. The offers or options were not pleaded in the petition nor attached thereto

as exhibits and were brought to the attention of the court only after judgment. Unquestionably, the court, as was its obligation, made the awards upon its own judgment of values based upon the pleadings and evidence submitted at the respective hearings. Further, the action of the court on the motion for new trial indicates clearly that this so-called newly discovered evidence would not effect a change of judgment.

The appellant cites the case of Danforth v. United States, 308 U.S. 271, 60 S.Ct. 231, 84 L.Ed. 240, as authority for the proposition that where the parties have entered into a valid agreement or contract fixing compensation in a specified amount the court has no discretion in a condemnation case but to enter judgment in that amount. Not only is that case distinguishable on its factual situation from the case at bar, but in the Danforth case the agreement was pleaded and reliance placed thereon, while in this case the Government did not refer to the offers of sale in the pleadings or at the trial of the case although these offers were in its possession during all the times the various hearings were taking place. It now seeks to introduce them as newly discovered evidence. Furthermore, while the agreements may have established the compensation for parcels 1, 2 and 4, which are specifically described by metes and bounds by reference, they in no way include any part of parcel 10 which is not referred to at all, and it is not clear that the prices fixed in those agreements were intended to include just compensation for the reversionary interests in parcel 10.

■ It is well settled that when a parcel of land is taken by eminent domain, every person having an estate or interest at law or in equity in the land taken is entitled to share in the award. The term "owner" in statutes relating to the exercise of eminent domain includes any person having a lawful interest in the property to be condemned. In the case at bar the abutting owners had a reversionary interest in parcel 10 and the court below found that there was no reasonable prospect that parcel 10 ever would be opened and improved as a street. A reversion is an actual estate in praesenti and is vested in the sense of a present fixed right of enjoyment in futuro. The court was not bound to accept the estimates of either party but was called on to exercise its best judgment as to value on the basis of all the facts in evidence. The lower court did exercise such judgment and acted within its power in fixing the just compensation for these vested rights.

■■ It is also well settled that motions for new trial are addressed to the sound discretion of the court, and orders denying them are not reviewable on appeal in the absence of clear abuse of discretion. Fairmount Glass Works v. Club Fork Coal Co., 287 U.S. 474, 482, 53 S.Ct. 252, 77 L.Ed. 439; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 247, 248, 60 S.Ct. 811, 84 L.Ed. 1129. Alleged newly discovered evidence which would not materially change the result and which is in large part not newly discovered at all is not ground for a new trial. This court has so held in the case of Wulfsohn v. Russo-Asiatic Bank, 9 Cir., 11 F.2d 715, and also as to an analogous situation in the recent case of United States v. Pacific Fruit & Produce Co., 9 Cir., 138 F.2d 367.

■ "Newly discovered evidence" within Civil Procedure Rule 59, 28 U.S.C.A. following section 723c, refers to evidence of facts existing at time of trial, of which aggrieved party was excusably ignorant. Campbell v. American Foreign S. S. Corporation, 2 Cir., 116 F.2d 926, certiorari denied 1941, 313 U.S. 573, 61 S.Ct. 959, 85 L. Ed. 1530. All of these alleged offers of sale apparently had been in the possession of appellant for about a year before the trial and, if pertinent, by the exercise of reasonable diligence could have been presented at the trial. Applicant is required to rebut the presumption that there has been a lack of diligence. 39 Am.Jur. § 156, p. 163. Subsequent discovery of the importance of evidence which was in the possession of applicant for new trial, at the time of the trial, does not entitle him to a new trial upon the ground of newly discovered evidence. 39 Am.Jur. § 159, p. 166. The application for a new trial will be denied where it appears that the degree of activity or diligence which led to the discovery of the evidence after the trial would have produced it had it been exercised prior thereto. 39 Am.Jur. § 161, p. 168.

Furthermore, appellant in its brief asserts that "If the judgment of the District Court is allowed to stand, the United States will be able to sue on these offers of sale to recover the amounts by which the present judgment for Parcel 10 exceeds the contract prices." We refrain from expressing any

236

opinion upon this point. However, if appellant is correct, allowing the judgment to stand will result in no particular injury to appellant and the question of whether the holders of parcels 1, 2 and 4 intended by the alleged offers of sale to include any interest in parcel 10 can be adjudicated by the court in a direct proceeding for that purpose. The court did not abuse its discretion in denying the motion for a new trial.

Affirmed.