**TAISHO FIRE & MARINE et al.,**
**Plaintiffs,**

v.

**The VESSEL MONTANA et al.,**
**Defendants.**

No. C–70 257.

United States District Court,
N. D. California.

Jan. 13, 1971.

Hall, Henry, Oliver & McReavey, San Francisco, Cal., for plaintiffs.

Hamilton & King, San Francisco, for defendants.

## ORDER

PECKHAM, District Judge.

This is an action in admiralty, the gravamen of which is negligence in the design of a stabilization system which malfunctioned on the S.S. Montana's maiden voyage and caused cargo damage. Defendant John J. McMullen Associates, Inc., a New York corporation and the designer of the stabilization system, has moved to dismiss the action as to itself for an alleged lack of personal jurisdiction. McMullen has also moved to dismiss generally for lack of subject matter jurisdiction, claiming that this action is not cognizable in admiralty. This court rejects both arguments and holds that it has both subject matter and personal jurisdiction.

■ The subject matter jurisdiction contention is clearly meritless. A products liability claim based on faulty design will lie in admiralty court. Schaef-

fer v. Michigan-Ohio Navig. Co., 416 F. 2d 217, 221 (Sixth Cir. 1969).

■ The personal jurisdiction issue is more complex. The service of process upon McMullen, a foreign corporation, must be quashed unless there exists a constitutionally and otherwise permissible basis for the assertion of in personam jurisdiction. 2 Moore's Federal Practice 1145. Rule 4(d) of the Federal Rules of Civil Procedure permits the federal courts to look to state law to determine the validity of the assertion of in personam jurisdiction insofar as having a statutory basis for it is concerned. Federal due process requires that the non-resident defendants' contacts with the forum state be sufficient to make fair and reasonable the assertion of jurisdiction over him. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). And in each case, decision will depend on the particular facts involved. Courtesy Chevrolet, Inc. v. Tennessee Walking Horse Breeders' and Exhibitors' Ass'n, 344 F.2d 860 (Ninth Cir. 1965).

The facts in this case point to a valid assertion of jurisdiction over the New York corporation. Service of process was made pursuant to section 411 of the California Code of Civil Procedure and section 6501 of the California Corporation Code—that is, by court order permitting service upon the California Secretary of State. See also Fed.R.Civ.P. 4(e). The facts which support in personam jurisdiction are as follows:

1. John J. McMullen, the sole owner of the corporate defendant, came to San Francisco to discuss a stabilization system for the Montana with the president of States Steamship Company, owner of the then-unbuilt Montana.

2. The existence of John J. McMullen Associates (California) Inc., a California corporation practicing naval architecture and marine engineering. This firm was based in San Francisco and, like the McMullen firm in New York, was wholly-owned by John J. McMullen.

3. The attempts of Charles Whitney, Vice-president of the McMullen California firm, to induce States Steamship to retain the McMullen *New York* firm (the defendant herein) for the design of the Montana stabilization system.

4. The advertisements which the McMullen New York firm ran in trade journals in circulation in California holding out itself, the *New York* corporation, as practicing naval architecture in New York and *San Francisco*.

Considering these facts collectively, there is little doubt that *in personam* jurisdiction over the New York McMullen firm is authorized by California statute and is consonant with the federal Constitution's due process dictates. The defendant counters that the contract which actually called for the installation of the Montana stabilization system did not call for the system which was offered by Mr. McMullen during his business visit to California and that the cause of action herein does not therefore arise out of California activities. The defendant further contends that personal jurisdiction is improper since the parties to this contract were Avondale Shipyards of New Orleans, the builder of the Montana, and Flume Stabilization Systems, Inc., a New Jersey corporation holding the patents on the desired stabilization system. The contract was not entered into in California, was not performed in California, and the McMullen defendant was not even a party to the contract. These arguments have a superficial appeal, but irresistibly sag under closer analysis.

■■■ As it has developed, the constitutional test for valid *in personam* jurisdiction is a realistic, pragmatic test dealing with substance, not shadow. Jurisdiction over a foreign corporation is proper whenever that corporation has certain minimum contacts with the forum state such that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). If, on the facts of a given case, it is fair and reasonable that the defendant be sued in that state rather than have the plaintiff pursue him elsewhere, then federal due process is likely to be satisfied. A critical factor is whether the contacts with the forum state were purposeful so that the defendant can be said to have availed himself of the benefits of activity within the forum state. Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Within the bounds set by due process, state legislatures are free to confer extra-territorial jurisdiction on their courts.

Given the flexibility of this formulation, it is clear that jurisdiction in this case is sustainable at least on the following basis: the activities of Mr. McMullen and Mr. Whitney in California, plus the California advertising of the McMullen New York firm, plus the existence and operation of the McMullen California firm adds up to the conclusion that the defendant, the McMullen New York firm, was "present" and "doing business" in California. This easily establishes sufficient minimum contacts with California to satisfy due process. This conclusion is not reached by a blind accumulation of the above facts. The McMullen California firm was a domestic corporation wholly owned by Mr. McMullen. It is obvious that Mr. McMullen directed the activities of the California firm for the ultimate benefit of the New York firm. Mr. Whitney, vice-president of the California firm, attempted to solicit business for the New York firm; the New York firm advertised in California and represented itself as having a "branch" in California. Thus, while the California firm was not, strictly speaking, the subsidiary of the defendant corporation, yet it functioned as a branch or agent of the defendant. We think it permissible, therefore, to consider its contacts with California as the contacts of the defendant. See subsection 9 of the comment of

the Judicial Council on § 410.10 Cal.Code of Civ.P.

Defendant's other contentions are also infirm. It is true that McMullen-New York was not a signatory to the contract calling for the engineering of the Montana's stabilization system. The premise of this argument is that a privity of contract is somehow an essential "contact". Since this action sounds basically in tort, the premise is questionable. But, assuming the validity of the premise, let us deal with reality. The "Flume" stabilizer (the type installed) was covered by patents held by the McMullen New York corporation, and was marketed under a trademark also owned by defendant. Mr. McMullen subsequently created a New Jersey corporation, Flume Stabilization Systems, Inc., to which the defendant corporation transferred all of its interest in the trademark and related goodwill for a nominal consideration. It is this corporation, Flume, which signed the contract. And then it proceeded to obtain the needed engineering services from the McMullen New York firm. For jurisdictional purposes, therefore, we think it fair to identify the defendant quite closely with the contract.

Defendant further argues that jurisdiction is improper since the cause of action herein did not arise from defendant's activities in California. As authority for the necessity of this proposition, they point to Ninth Circuit cases such as Taylor v. Portland Paramount Corp., 383 F.2d 634 (1967). But this case is inapposite since it is not a "presence" or "doing business" case, but is rather an instance where the non-resident defendant had but one contact with the forum state. The Court of Appeals rightly said that in that situation, notions of fair play and substantial justice would require that the cause of action arise out of that limited activity. But where a non-resident defendant "does business" in a state, jurisdiction may be had over it even where the cause of action is unrelated to the activities in the forum, since the doing of business, the purposeful availment of the state's opportunities, is sufficient contact in and of itself. Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S.Ct. 413 (1952).

Accordingly, we conclude that jurisdiction over this corporate defendant was constitutionally and otherwise validly obtained by service of process in conformity with Rule 4(e), Fed.R.Civ.P., § 411 Cal.Code Civ.P., and § 6501 Cal. Corp.Code. Defendant's motion to dismiss is therefore denied.

The defendant's request for certification to the United States Court of Appeals for the Ninth Circuit is denied.

So ordered.