**Louis J. KELLER and Cyril N. Keller, Plaintiffs,**

v.

**CLARK EQUIPMENT COMPANY and Clark Equipment A. G., Defendants.**

**Civ. No. 4839.**

United States District Court,
D. North Dakota,
Southeastern Division.

Dec. 21, 1973.

Alan Foss, Van Osdel, Foss & Miller, Fargo, N. D., Malcolm L. Moore and Herman H. Bains, Williamson, Bains & Moore, Minneapolis, Minn., for plaintiffs.

Kermit Edward Bye, Wattam, Vogel, Vogel & Peterson, Fargo, N. D., Thomas D. Allen and Fred E. Schulz, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

Clark Equipment Company and Clark Equipment A.G., the defendants in the above entitled action, have made several motions which will be treated seriatim.

### I.

On August 20, 1973, Clark Equipment Company and Clark Equipment A.G. (hereinafter referred to as Clark A.G.), moved this court to stay the above action pending the outcome of a declaratory judgment action entitled Clark Equipment Company v. Louis J. Keller and Cyril N. Keller, filed in the United States District Court for the Western District of Michigan, or alternatively to transfer the above action to the Michigan court for consolidation.

The defendants' motion to stay or transfer has been rendered moot by an order of the Michigan Court dated August 23, 1973. In a well reasoned opinion, Judge Engle determined that the significant contacts rested in North Da-

kota, whereupon the Michigan case was ordered transferred to the United States District Court for the District of North Dakota, Western Division. Subsequent to the transfer to North Dakota, the Kellers, Plaintiffs here, moved, on September 6, 1973, for a change of venue from the Southwestern Division of North Dakota to the Southeastern Division. This motion was granted on November 6, 1973, and both cases are now venued with this Court.

Also filed on August 20, 1973, was a motion by Defendant Clark A.G. to:

First, sever the claims in all of the counts of the complaint as to Clark A.G. and drop Clark A.G. as a co-defendant;

Secondly, to dismiss the action and/or dismiss the several claims, or alternatively to quash the return of service of summons on the grounds that Clark A.G. is a foreign corporation organized under the laws of Switzerland and is not subject to service within North Dakota and that Clark A.G. has not been properly served in the action;

Finally, the Defendant Clark A.G. moves to dismiss the action and/or such severed claims as against Clark A.G. on the ground that venue is not properly with the District of North Dakota.

In connection with their September 6, 1973, motion for change of venue, the Kellers (Defendants in the declaratory judgment action) moved to consolidate the declaratory judgment action with the instant action. The Defendant Clark Equipment does not oppose consolidation if Clark A.G. were dismissed as a party and the priority of the declaratory judgment action is retained.

The Defendant Clark A.G. argues that it cannot be a proper party because it is a corporation organized under the laws of Switzerland. The plaintiff has premised jurisdiction on the fact that Clark A.G. is a subsidiary of Clark Equipment Company, a Delaware Corporation, which does business in North Dakota. Further, that the issue concerns several manufacturing licenses by and between the plaintiffs, North Dakota residents,

and Clark A.G., and were signed by the plaintiffs and J. Becket (sic).

The address given by Clark A.G. for purposes of notice was the office address of Clark Equipment, located in Buchanan, Michigan. Service on Clark A.G. was made pursuant to Federal Rules of Civil Procedure, Rule 4(d)(7), by serving the summons and complaint upon an officer of Clark Equipment at Melroe Division, Gwinner, North Dakota.

■ With respect to service of process, the Defendant Clark A.G. urges that under the doctrine of Scranton Grain Co. v. Lubbock Machine & Supply Co., 186 N.W.2d 449 (N.D.1971), the North Dakota Long Arm Statute, as amended on August 1, 1971, cannot be retroactively applied to matters occuring prior to August 1, 1971, specifically the licensing agreement between the plaintiffs and Clark A.G. entered into on May 17, 1971.

Section 27–02–09, North Dakota Century Code (N.D.C.C.) provides:

"All statutes relating to pleadings, practice and procedure in civil or criminal actions, remedies, or proceedings, enacted by the legislative assembly, shall have force and effect only as rules of court and shall remain in effect unless and until amended or otherwise altered by rules promulgated by the Supreme Court".

The "long-arm statute", Chapter 28–06.1, N.D.C.C. was adopted by the legislature and became effective on July 1, 1969. In *Scranton*, the Supreme Court held that Ch. 28–06.1 cannot be applied retroactively because of the requirements of N.D.C.C. § 1–02–10, which provides that no part of the North Dakota Century Code is retroactive unless it is expressly declared to be so.

On June 28, 1971, the Supreme Court of North Dakota, by order, amended the North Dakota Rules of Civil Procedure effective from and after August 1, 1971. Rule 4, as amended, superseded Chapter 28–06.1 and incorporated all provisions of that chapter. Chapter 28–06.1 is no

longer a part of the N.D.C.C. Those provisions are now a rule of the North Dakota Supreme Court and thus are not subject to the limitations of N.D.C.C. § 1–02–10. To give the long-arm statute (Rule 4(b)(2)) a retrospective application does not impair or enlarge the substantive rights of the parties. It is the opinion of this Court, in view of the language of the *Scranton* case, that if the question were again presented to the North Dakota Supreme Court, it would likely follow its holding in Craig v. Herzman, 9 N.D. 140, 81 N.W. 288 (1899), to wit:

> "2. Such provision, as it relates to procedure only, may be applied in any case tried after its enactment, although the cause of action arose before the enactment. The rule requiring statutes to be given prospective operation only does not apply to statutes relating to procedure."

## II.

The Defendants argue that regardless of whether the long arm statute applies, the Plaintiffs Keller have not shown facts which establish this Court's jurisdiction nor proper service. In this case, Clark A.G., being a wholly foreign subsidiary, has no agents or officers in North Dakota; accordingly, say the Defendants, the service upon the Clark Equipment officer at the Melroe division in North Dakota not only fails because it was service *within* the state, but also because that officer was not an agent for Clark A.G.

■ Service upon a foreign corporation or other business entity, pursuant to Rule 4(d)(3) and (e)(7) of the North Dakota Rules of Civil Procedure,[1] is not valid unless there exists an adequate basis for the assertion of in personam jurisdiction over the nonresident.

■ In recent years, courts have departed from the traditional concepts of jurisdiction over nonresident corporations. While still adhering to the general basis for state jurisdiction over nonresidents, the validity of service on nonresidents has come to be premised on the "traditional notions of fair play and substantial justice". International Shoe Co. v. Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945). *See generally* 2 Moore's Federal Practice Manual § 4.25 [1]; 4 Moore's § 4.25 [1] and 23 ALR 3d 551, 556.

■ As it has developed, the constitutional test for valid in personam jurisdiction is a realistic, pragmatic test dealing with certain facts. Jurisdiction over a foreign corporation is proper whenever that corporation has certain "minimum contacts". Hamilton National Bank v. Russell, 261 F.Supp. 145 (D. Tenn.1966); Taisho Fire & Marine v. Vessel Montana, 335 F.Supp. 1238 (N. D.Cal.1971).

■ Whether the requisite 'minimum contact' has been achieved may be determined by a three part test enunciated by the Ninth Circuit in L. D. Reeder Contractors v. Higgins Industries, Inc., 265 F.2d 768 (9th Cir. 1969). This test is:

> "1. While it is not necessary that the defendant or his agent be within the forum, the nonresident defendant must do some act or consumate some transaction within the forum.
>
> 2. The cause of action must arise out of or result from the defendant's activities in the forum.
>
> 3. Once the 'minimum contacts' have been established by Rule 1 and 2, the jurisdiction based upon such contact must be consonant with the due process tenets of 'fair play' and 'substantial justice'."

With this as a beginning, the court must decide whether the acts of Clark A.G. in North Dakota were "minimum contacts".

Although the United States Supreme Court has not yet determined whether a single contract is a sufficient basis for

---

1. Patterned after Rule 4 of the Federal Rules of Civil Procedure.

jurisdiction, in the case of McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the court did sustain state jurisdiction on the basis of a single insurance contract.

The facts of the specific case will often be determinative of whether the single act or contract will serve as a viable basis for jurisdiction. Bonhiver v. Louisiana Brokers Exch. Inc., 255 F.Supp. 254 (D.Minn.1966). In this view, the North Dakota Supreme Court has said that whether a foreign corporation is doing business in the state so as to be subject to service of process hinges on the facts of the case. Fisher v. Mon Dak Truck Lines, Inc., 166 N.W.2d 371 (N.D.1969).

Rule 4(b)(2) of the North Dakota Rules of Civil Procedure provides for personal jurisdiction over any person who transacts "any business" in the state. This is typical of "single act" statutes which are more encompassing than the traditional "doing business" statutes. In Minnesota, the single act statute has been given a very broad reading so as to provide jurisdiction over any case in which the state has a reasonable interest in providing a remedy. United Barge Co. v. Logan Charter Service, Inc., 237 F.Supp. 624 (D.Minn. 1964). The *Scranton case, supra,* indicates that the single act statute has not been so broadly construed in North Dakota.

■ Whether the agreement entered in between the Kellers and Clark A.G. is enough for in personam jurisdiction requires a chary examination of the situation. Clark A.G. maintains a liaison engineering employee in North Dakota with Melroe Division of Clark Equipment. It is a reasonable inference that the Kellers were contacted, with reference to the patents, by someone representing Clark A.G. It is further a reasonable inference that Clark A.G. became aware of the plaintiffs' patents through its close association with the

Melroe Division of Clark Equipment. The separate agreements between the Kellers and Clark Equipment and Clark A.G. appear to sustain these inferences as evidenced by the dates, signatures and addresses provided in the agreements.

Additionally, the agreements each provide for continuing royalty payments to be made to the Kellers, residents of the State of North Dakota, and if there is a nonpayment of royalties, the Kellers are the ones who are adversely affected. While Clark A.G. is not doing business in North Dakota, this Court concludes that Clark Equipment and Clark A.G. were inextricably involved with Kellers in the negotiations and execution of the patenting licensing agreements, and that Clark A.G. comes within the minimum contacts rule.

### III.

The remaining issue is whether service of process upon Melroe, a Division of a corporation licensed to do business in North Dakota, is valid as against Clark A.G., a wholly owned foreign subsidiary. In other words, may service upon a local division of a parent company serve as notice to an independent foreign subsidiary?

■ This relationship, plus other factors, may give rise to a jurisdictional basis for service. 2 Moore's Federal Practice § 4.25 [6]. One test is whether the subsidiary is a puppet of the parent. In United States v. Imperial Chemical Industries, Ltd., 100 F.Supp. 504 (S.D.N.Y.1951), the Court sustained service on a British corporation which was made by service on a wholly owned American subsidiary, saying that, "the two were so inextricably associated" that there was every reasonable assurance that notice would be actual. A foreign subsidiary is, of course, not subject to a state long-arm statute merely because its parent operates in the situs state. It must be shown that the subsidiary is doing acts within the contem-

plation of the statute. Rivera v. New Jersey Bell Telephone Co., 340 F.Supp. 660 (E.D.N.Y.1972).

▬ The *Imperial Chemical* case, *supra,* alluded to a further test of reasonableness and fairness; that is, whether there exists some assurance that the subsidiary will receive the notice served on the parent. Other facts are:

1. The interest the forum state has in protecting its citizens.

2. Whether the courts of the forums would be open to the foreign corporation to enforce the obligation against the resident.

3. An estimate of the inconveniences which would result to the foreign corporation if trial were held away from its home.

4. Whether the crucial witnesses and evidence are to be found in the forum.

5. Whether the claimant could afford to bring the action in a foreign forum—Would such a requirement place the foreign corporation beyond the reach of the claimant? *See* 23 A.L.R.3d 551, 557.

To not allow jurisdiction on service of process upon Clark A.G. would force the Kellers to bring suit in Switzerland, since no other United States forum would have any greater nexus with the plaintiffs or the issues than North Dakota. Clark A.G. has a local North Dakota attorney along with a Michigan attorney, and judging from the answers and motions of Clark A.G., there is no doubt that it has actual notice.

Given the flexibility of the minimum contacts rule, it is the position of this Court that it has in personam jurisdiction over Defendant Clark A.G.

Accordingly, after a review of the applicable authorities, the Court would consider it a substantial injustice were it to grant the Defendants' motion for severance and/or dismissal.