**Michael F. URSINI, Plaintiff,**

v.

**The MENNINGER FOUNDATION et al., Defendants.**

**Civ. No. S-2581.**

United States District Court, E. D. California.

Oct. 1, 1974.

Motion to Reconsider Denied Dec. 4, 1974.

Edward M. Lacy, Modesto, Cal., for plaintiff.

James K. Barnum, Stammer, McKnight, Barnum & Bailey, Fresno, Cal., for defendants.

## MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

Plaintiff Michael F. Ursini, a California resident, has sued defendant, a Kansas corporation, on a cause of action sounding in tort. Defendant, which maintains a psychiatric hospital in Topeka, Kansas, where plaintiff was treated for psychiatric disorders, is sued for alleged negligent examination, diagnosis, treatment, and care. Jurisdiction of the Court is claimed under diversity of citizenship.

The case is presently before this Court on the defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) claiming lack of jurisdiction over the person. Defendant contends that it is a corporation organized and existing under the laws of the State of Kansas, that it is neither licensed to do business nor is doing business in California and that plaintiff's alleged cause of action arose in Kansas.

The Ninth Circuit Court of Appeals has attempted to define jurisdiction in law by enumerating three requirements which the party seeking jurisdiction must meet before obtaining a valid judgment. L. D. Reeder Contractors v. Higgins Industries, 265 F.2d 768 (9th Cir. 1959). The requirements are: (1) proceedings in a competent court; (2) reasonable notice of the litigation and opportunity for both sides to be heard; (3) establishment of "judicial jurisdiction" over the defendant.

Defendant asserts in its motion that the third requirement for jurisdiction has not been met—namely, that the Court may not exercise judicial jurisdiction over the person of the defendant. To test the validity of this Court's jurisdiction over defendant's person, the law of California should be consulted. FRCP 4(d)(7) permits the federal courts to look to state law in determining the statutory validity of an assertion of *in personam* jurisdiction. The rule provides in pertinent part that:

"... it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

The Court is obliged, therefore, to look to California Code of Civil Procedure § 410.10, which provides a broad basis for *in personam* jurisdiction by the state courts:

"A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state of the United States." Cal CCP § 410.10 (West 1973)

Thus, the statutory validity of an assertion of *in personam* jurisdiction over a foreign corporation is linked to federal due process requirements. These requirements were first enunciated by the Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and later refined in McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed. 1283 (1958). A succinct statement of the requirements was made by Judge Peckham in Taisho Fire & Marine v. Vessal Montana, 335 F.Supp. 1238 (Cal.1971):

"Federal due process requires that the nonresident defendant's contacts with the forum state be sufficient to make fair and reasonable the assertion of jurisdiction over him. (citation omitted) And in each case, decision will depend on the particular facts involved. (citation omitted)"

A specific test for these requirements has been announced by the Ninth Circuit Court of Appeals and utilized in subsequent cases by courts within and without this circuit. L. D. Reeder Contractors v. Higgins Industries, 265 F.2d 768, 773 n. 12 (9th Cir. 1959); Keller v. Clark Equipment Co., 367 F.Supp. 1350 (N.D.1973); Simpson Timber Co. v. Great Salt Lake Minerals & Chemical Corp., 296 F.Supp. 243 (Ore.1969); Aftanase v. Economy Baler Co., 343

F.2d 187 (8th Cir. 1965); Curtis Publishing Co. v. Birdsong, 360 F.2d 344 (5th Cir. 1966). The test is a three-pronged one drawn from a combined reading of *International Shoe, McGee,* and Hanson v. Denckla, and may be stated as follows:

(1) While it is not necessary that the defendant or his agent be within the forum, the non-resident defendant must do some act or consummate some transaction within the forum.

(2) The cause of action must arise out of or result from the defendant's activities in the forum.

(3) Having established by Rules One and Two a minimum contact between the defendant and the state, the assumption of jurisdiction based upon the contact must be consistent with the due process tenets of "fair play" and "substantial justice."

Only when these requirements can all be met can there exist the substantial minimum contacts between the forum and the non-resident defendant for the court to exercise judicial jurisdiction. The constitutional test for valid *in personam* jurisdiction is thus a realistic, pragmatic test dealing with substance, not shadow. Taisho Fire & Marine v. Vessal Montana, *supra.*

■ Keeping foremost the three-pronged test, it becomes necessary then to review the non-resident defendant's contacts with California in this case to see whether they rise to the level of "substantial minimum contacts" which would enable this Court to exercise valid *in personam* jurisdiction over the defendant.

Defendant corporation is incorporated in Kansas but not in California. It has no office, clinic, employee or agent in California. It conducts no business other than by correspondence with an occasional physician in California, and places no advertisements within California. In the case at hand, plaintiff, through his family, initiated correspondence with defendant on August 4, 1965, and there followed a series of letters between plaintiff and his family and defendant. Defendant, as part of this correspondence, enclosed a brochure and some information concerning its facilities and asked plaintiff to send to it summaries from plaintiff's California doctors. It has been alleged and is not disputed that all payments from plaintiff were made from California and that some of defendant's patients came from California. Plaintiff has further alleged that due to the purportedly negligent treatment he received from defendant in Kansas, he has returned to California and is receiving state and county aid as a totally disabled person. These are the totality of contacts between defendant and California.

When these contacts are measured against the three-pronged test of *in personam* jurisdiction, it becomes apparent that the contacts between defendant and California are insufficient to rise to the level of substantial minimum contacts which create judicial jurisdiction and do not offend traditional notions of fair play and substantial justice. In fact, none of the tests can be adequately met by defendant's contacts here.

It cannot be said that defendant did any act or consummated any transaction within California. Correlatively then, no cause of action could have arisen from defendant's purported activities within California. A careful review of the record reveals that plaintiff was the party initiating the contact by mail and defendant merely answered the correspondence and made further inquiry. The interchange of letters and information created no binding contract or agreement enforcible by either party, and at best may be described as preliminary negotiation. The actual business arrangements and contracts were executed in Kansas. It cannot be said that defendant purposefully availed itself of the benefits and protection of California law so as to subject itself to California's jurisdiction. Hanson v. Denckla, *supra.*

And even if it could be said that defendant did an act or consummated a transaction within California and that the cause of action arose as a result of the defendant's hereinabove described

activities in California, this Court cannot assume jurisdiction in consonance with the due process tenets of fair play and substantial justice. To hold defendant in this case subject to *in personam* jurisdiction in California would subject every person, corporation, university, or association to California's adjudicatory power on the basis of a mere reply to correspondence which had initiated from California. This we cannot hold.

■ Plaintiff has contended, however, that this Court should exercise jurisdiction because even though defendant's alleged acts occurred in Kansas, the effects of these acts have been to return an emotionally disturbed person to California. Although not cited, plaintiff apparently relies upon Restatement of Conflicts of Laws Second § 50 (ALI 1971):

> "A state has power to exercise judicial jurisdiction over a foreign corporation which causes effects in the state by an act done elsewhere with respect to any cause of action arising from those effects unless the nature of these effects and of the corporation's relationship to the state makes the exercise of such jurisdiction unreasonable."

However, the doing of an act out-of-state which has its effects in the forum is not *per se* one of the three criteria established in *L. D. Reeder, supra.*

■ Although a foreign corporation may have sufficient contacts with a state to justify an assumption of jurisdiction over it to enforce causes of action having no relation to its activities in the state, Perkins v. Benquet Mining Co., 342 U.S. 437, 445–447, 72 S.Ct. 413, 96 L.Ed. 485 (1952), other substantial contacts in the forum would be required for the assumption of such an extensive jurisdiction. Fisher Governor Co. v. Superior Court, 53 Cal.2d 222, 1 Cal.Rptr. 1, 347 P.2d 1 (1959). As noted, these other substantial contacts are not present here.

Due to insufficient contacts with the forum, this Court cannot in consonance with due process require the defendant non-resident corporation to come to California to defend this action. The Court must therefore grant defendant's motion to dismiss and it is so ordered.

## ON MOTION TO RECONSIDER

Subsequent to the memorandum and order of October 1, 1974, granting defendant's motion to dismiss for lack of *in personam* jurisdiction in this case, plaintiff on October 24, 1974, filed both a motion for a new trial pursuant to Federal Rules of Civil Procedure 59(a), and a motion for relief from the 10-day filing requirement of FRCP 59(b), pursuant to FRCP 60(b)(2). Both the motion under FRCP 59(a) and FRCP 60 (b)(2) are made on the basis of "newly discovered evidence" of minimum contacts between defendant and the State of California.

■ The equivalent of a rehearing under the federal rules is the motion for a new trial. Heikkila v. Barber, 164 F. Supp. 587 (Cal.1958). The same standard applies to motions on the ground of newly discovered evidence whether they are made under FRCP 59 [for a new trial—rehearing] or under FRCP 60 [relief from the 10-day filing requirement due to newly discovered evidence], and decisions construing Rule 59 in this context are authoritative in construing Rule 60. 11 Wright & Miller § 2859 Federal Practice and Procedure p. 182:

> "Under both rules, the evidence must have been in existence at the time of the trial, but if it was in the possession of the party before the judgment was rendered it is not newly discovered and does not entitle him to relief."

■ All the evidence of minimum contacts which plaintiff now presents as "newly discovered" was in the possession of plaintiff or plaintiff's parents at all relevant times in this case. It is inconceivable that plaintiff or his attorney could not have obtained this evidence with reasonable diligence until after the October 1, 1974, memorandum and order in this case. New evidence can be grounds for a new trial or for reconsideration on rehearing only if the moving party has been excusably ignorant of

the facts, despite due diligence to learn about them. United States v. Bransen, 142 F.2d 232 (9th Cir. 1944).

As noted in United States v. Bransen:

"Applicant is required to rebut the presumption that there has been a lack of diligence. . . . Subsequent discovery of the importance of evidence which was in the possession of applicant for a new trial, at the time of trial, does not entitle him to a new trial upon the ground of newly discovered evidence. . . . The application for a new trial will be denied where it appears that the degree of activity or diligence which led to the discovery of evidence after the trial would have produced it had it been exercised prior thereto." 142 F.2d at 235.

The motions of plaintiff for rehearing on the grounds of newly discovered evidence and for relief from the 10-day filing requirements of FRCP 59(b) having come on regularly for hearing before the undersigned on November 18, 1974, and having been argued and submitted by attorneys for both sides,

It is ordered that plaintiff's motions are denied.