**William E. CODE and Madelene D. Code, Plaintiffs and Appellees,**

v.

**Martha B. GAUNCE, Defendant and Appellant.**

**Civ. No. 10098.**

Supreme Court of North Dakota.

Jan. 25, 1982.

Fred E. Whisenand, of McIntee & Whisenand, Williston, for plaintiffs and appellees; submitted on brief.

Martha B. Gaunce, pro se.

VANDE WALLE, Justice.

Martha B. Gaunce appealed from a judgment of the district court, Williams County, which awarded William E. Code and Madelene D. Code $5,000 plus interest and dismissed Gaunce's counterclaim and amended counterclaim. We affirm.

The facts relevant to our decision are that Gaunce, the owner of land located in Williams County, contracted to sell the land to the Codes. When the transaction was not completed, the Codes brought this action against Gaunce to recover the earnest money paid on the contract. Because Gaunce was living in Romulus, Michigan, service of process was made by certified mail, return receipt requested. Gaunce did not personally receive the mail which contained the summons and complaint. Gaunce's daughter, who was living with Gaunce at the time, received and signed for the mail. Gaunce, however, did prepare and serve upon the Codes an answer and

counterclaim and later an amended answer and counterclaim. Gaunce's original answer did not contest the service of process nor attempt to contest the jurisdiction of the trial court through a special appearance. Gaunce's answer did contain a counterclaim in which she requested $100,000. Gaunce later amended her counterclaim to include the allegation that she had not been properly served. The trial court found that it had jurisdiction over Gaunce because the service of process made by the Codes upon Gaunce was proper and that, even if the service were not proper, Gaunce submitted herself to the jurisdiction of the court by answering the summons and complaint without challenging or questioning the jurisdiction of the court.

■ The only issue raised by Gaunce upon appeal is whether or not the service of process upon her was proper. Gaunce claims that because she resided outside North Dakota, service of process could be made upon her only according to a provision contained in Chapter 357 of the 1979 North Dakota Session Laws [1] which states that service of process may be made by "registered or certified mail, but only by United States marshals engaged in the service of process of United States courts.... Proof of service by mail must be made by filing an affidavit of mailing completed by the United States marshal, ..." Gaunce argues that because a United States marshal was not involved in mailing the summons and complaint, service of process was insufficient and the trial court had no personal jurisdiction. Gaunce, however, confuses the effect of Chapter 357, 1979 Session Laws. The statute added to and did not replace the methods for serving a summons upon persons out of the State.

■ Existing at the time Chapter 357 was enacted and in existence when Gaunce was served is Rule 4(d)(3), N.D.R.Civ.P., which provides, in part:

"(3) *How Service Made Outside the State.* Service upon any person subject

to the personal jurisdiction of the courts of this state may be made outside the state:

"(A) ...

"(B) ...

"(C) by any form of mail addressed to the person to be served and requiring a signed receipt and resulting in delivery;
..."

In order for the Codes to utilize this method of service, Gaunce must have been subject to the personal jurisdiction of the courts in this State:

"Service upon [a nonresident] ... pursuant to Rule 4(d)(3) ... is not valid unless there exists an adequate basis for the assertion of in personam jurisdiction over the nonresident." *Keller v. Clark Equipment Company*, 367 F.Supp. 1350, 1353 (D.N.D.1973).

Although no issue is raised to dispute personal jurisdiction, under Rule 4(b)(2) Gaunce was subject to personal jurisdiction due to her contacts, i.e., ownership of property within the State and contracting within the State to sell that property. *Jahner v. Jacob*, 252 N.W.2d 1, 8 (N.D.1977). The Codes mailed the summons and complaint addressed to Gaunce by certified mail, return receipt requested. Gaunce answered the complaint approximately two weeks later. Because Gaunce was subject to the personal jurisdiction of the courts of this State pursuant to Rule 4(b)(2), the Codes were entitled to follow the mailing procedure for service outside the State pursuant to Rule 4(d)(3)(C), N.D.R.Civ.P. Although the return receipt was signed by Gaunce's daughter and not by Gaunce personally, the requirements of the rule were met, i.e., the summons and complaint were sent by mail addressed to the person to be served, Gaunce, a return receipt was requested, and there is no question that delivery resulted.

■ An alternate basis exists to find that the trial court had personal jurisdiction

---

1. At oral argument Gaunce indicated that at the library where she researched the service-of-process question, all that was available to her were North Dakota Session Laws, not the Century Code or the Rules of Civil Procedure.

Chapter 357, 1979 Session Laws, was codified as Section 27-01-08 and was repealed by Section 1, Chapter 314, 1981 Session Laws.

over Gaunce. Rule 4(b)(4) permits a court to acquire personal jurisdiction "over any person ... by voluntary general appearance in an action by any person either personally or through an attorney or any other authorized person." Gaunce submitted herself to the trial court's jurisdiction when she answered the complaint without disputing the method of service of process. See *State Bank of Burleigh County v. Johnson*, 303 N.W.2d 520, 523–524 (N.D.1981). The amendment Gaunce made to her counterclaim which alleged insufficiency of process does not alter the fact that she had first answered the complaint and counterclaimed and thereby submitted herself to the jurisdiction of the trial court.

We agree with the trial court's finding that because Gaunce was properly served under our rules and, further, because she made a voluntary general appearance the trial court had personal jurisdiction.

In view of the above discussion it is not necessary to consider the Codes' motion to dismiss the appeal.

We affirm the judgment of the district court.

ERICKSTAD, C. J., and PAULSON, PETERSON and SAND, JJ., concur.